UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

CATHLEEN KENNY

                                        Plaintiff

                              -against-

THE CITY OF NEW YORK; JAMES P. O'NEILL, as
Police Commissioner, Police Department City of New York;
CHRISTOPHER T. MONAHAN, as Captain; ROY T. RICHTER;
EBONY S. WASHINGTON, as Deputy Inspector, Patrol Borough
Staten Island; MELISSA A EGER, as Captain, Patrol Borough
Staten Island; ROBERT BOCCHINO, as Deputy Inspector, 120th
Precinct and RICHARD DINKLE, as Detective, 120th Precinct, each
Sued individually and in their official capacity as employees of
Defendant THE CITY OF NEW YORK

                                        Defendants'

-------------------------------------------------------------------------------x

**Complaint**

**Jury Trial Demand**

The plaintiff CATHLEEN KENNY through her attorney, The Sanders Firm, P.C., files

this federal complaint against defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA

A. EGER; ROBERT BOCCHINO and RICHARD DINKLE respectfully set forth and allege

that:

## **INTRODUCTION**

This is an action for equitable relief and money damages on behalf of plaintiff

CATHLEEN KENNY (hereinafter referred to as "plaintiff") who was deprived of her

constitutional rights as a United States Citizen because of defendants' THE CITY OF NEW

YORK; JAMES P. O'NEILL; CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY

S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE'S unlawful conduct.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

## PLAINTIFF

2.      Plaintiff CATHLEEN KENNY is a female citizen of the United States of America, over twenty-one (21) years of age and a resident of Richmond County.

## DEFENDANTS'

3.      Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

4.      Defendant JAMES P. O'NEILL, as Police Commissioner.

5.      Defendant CHRISTOPHER T. MONAHAN, as Captain.

6.      Defendant ROY T. RICHTER.

7.      Defendant EBONY S. WASHINGTON, as Deputy Inspector, Patrol Borough Staten Island.

8.      Defendant MELISSA A. EGER, as Captain, Patrol Borough Staten Island.

9.      Defendant ROBERT BOCCHINO, as Deputy Inspector, 120th Precinct.

10.     Defendant RICHARD DINKLE, as Detective, 120th Precinct.

## PROCEDURAL REQUIREMENTS

11.     Plaintiff CATHLEEN KENNY has filed suit with this Court within the

applicable statute of limitations period.

## BACKGROUND

12.    Plaintiff CATHLEEN KENNY alleges she is legally married to defendant
CHRISTOPHER T. MONAHAN, a Captain assigned to the Police Department City of New
York.

13.    Plaintiff alleges since March 28, 2014, defendant CHRISTOPHER T.
MONAHAN has subjected her and her minor children to violent drunken outbursts and verbal
assaults culminating with her 'false arrest' on February 24, 2017, eventually DISMISSED.

14.    Plaintiff alleges defendant CHRISTOPHER T. MONAHAN, is a Vice
President with the NYPD Captains Endowment Association.

15.    Plaintiff alleges defendant CHRISTOPHER T. MONAHAN, along with the
entire Board of Directors are on release time as Captains of Police (with other designations),
Police Department City of New York and compensated with taxpayer and membership
monies.

16.    Plaintiff alleges defendants' ROY T. RICHTER, president of the Captains
Endowment Association, CHRISTOPHER T. MONAHAN and other members of the Board
of Directors intentionally use their positions as employees of defendant THE CITY OF NEW
YORK and union officials to 'physically and mentally attack' female victims of domestic
violence and other related police abuses.

17.    Plaintiff alleges defendants' THE CITY OF NEW YORK and JAMES P.
O'NEILL are fully aware defendants' ROY T. RICHTER and CHRISTOPHER T.
MONAHAN and other members of the Board of Directors are engaging in such conduct
prejudicial to the good order of the department but, fails to discipline them aka 'White Shirt

3

Immunity.'

18.     Plaintiff alleges since March 28, 2014, she and her minor children are the victims of domestic violence and related police abuses.

19.     Plaintiff alleges defendants' THE CITY OF NEW YORK, ROY T. RICHTER, members of the Board of Directors and their agents failed to follow paragraph (c) of subdivision 4 of Section 140.10 of the Criminal Procedure Law (Primary Physical Aggressor).

20.     Plaintiff alleges defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL'S repeated failures to arrest, discipline and terminate defendant CHRISTOPHER T. MONAHAN and his agents caused them irreplaceable harm.

21.     Plaintiff alleges on or about March 28, 2014, defendant CHRISTOPHER T. MONAHAN 'falsely' accused her of endangering the welfare of a child after she requested the assistance of their 11-year-old minor child to open a prescription medical bottle.

22.     Plaintiff alleges despite defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL'S direct knowledge of defendant CHRISTOPHER T. MONAHAN'S criminal conduct he was not suspended, arrested and terminated.

23.     Plaintiff alleges from March 28, 2014 through March 2, 2017, she and her minor children endured defendant CHRISTOPHER T. MONAHAN'S sporadic violent drunken outbursts, verbal and physical assaults.

24.     Plaintiff alleges over the same time period defendant CHRISTOPHER T. MONAHAN regularly returned to the martial home drunk bragging how he's "banging 3 women on the side."

25.     Plaintiff alleges on or about January 19, 2017, with a divorce petition pending before the Supreme Court of the State of New York, County of Richmond, the Honorable

Catherine M. DiDomenico presiding, she requested an Order of Protection against defendant
CHRISTOPHER T. MONAHAN.

26.    Plaintiff alleges Judge DiDomenico denied her request for an Order of
Protection because "she didn't want to create a hardship for his position with the police
department."

27.    Plaintiff alleges Judge DiDomenico then 'Ordered' defendant CHRISTOPHER
T. MONAHAN 'No drinking inside of the marital home.'

28.    Plaintiff alleges on or about January 30, 2017, in violation of Judge
DiDomenico's 'Order,' defendant CHRISTOPHER T. MONAHAN was drinking alcohol
inside of the marital home.

29.    Plaintiff alleges she filed a Domestic Incident Report (DIR) with the 120th
Precinct.

30.    Plaintiff alleges on or about February 22, 2017, defendant CHRISTOPHER T.
MONAHAN conspired with defendants' EBONY S. WASHINGTON, MELISSA A. EGER
and ROBERT BOCCHINO in setting her up to be 'falsely arrested' for Assault in the third
degree.

31.    Plaintiff alleges to reward defendants' EBONY S. WASHINGTON, MELISSA
A. EGER and ROBERT BOCCHINO, defendant CHRISTOPHER T. MONAHAN paid for
their meals and entertainment at Griff's Place Sports Bar and Grill 702 New Dorp Place
Staten Island, New York.

32.    Plaintiff alleges on or about February 24, 2018, defendant RICHARD
DINKLE despite having information defendant CHRISTOPHER T. MONAHAN provided
'false' information to the police, 'falsely arrested' her for Assault in the third degree.

5

33.     Plaintiff alleges defendant CHRISTOPHER T. MONAHAN 'falsely' accused her of causing a "laceration to informant's face, bleeding to the informant's face, annoyance and alarm."

34.     Plaintiff alleges after 9 hours or so in custody, she was Released on Her Own Recognizance (ROR).

35.     Plaintiff alleges on or about March 1, 2017, based upon the 'false arrest' initiated by defendant CHRISTOPHER T. MONAHAN her Global Entry Program Membership was 'REVOKED.'

36.     Plaintiff alleges on or about March 2, 2017, one of the minor children accused defendant CHRISTOPHER T. MONAHAN of Assault in the third degree.

37.     Plaintiff alleges shortly thereafter, members of the Internal Affairs Bureau received information that defendant CHRISTOPHER T. MONAHAN was not assaulted.

38.     Plaintiff alleges despite information from a direct eyewitness there was no assault, defendants' CITY OF NEW YORK and JAMES P. O'NEILL failed to suspend and arrest defendant CHRISTOPHER T. MONAHAN for Falsely reporting an incident in the third degree.

39.     Plaintiff alleges from March 1, 2017 through May 23, 2017, each time she traveled, she would be detained by the United States Customs and Border Protection due to the 'false arrest.'

40.     Plaintiff alleges on or about March 6, 2017, defendant CHRISTOPHER T. MONAHAN filed a 'false affidavit' in the pending divorce proceeding before Judge DiDomenico claiming she reported his conduct to 'ACS' which is 'false.'

41.     Claimant alleges on or about March 23, 2017, based upon the 'false arrest'

initiated by defendant CHRISTOPHER T. MONAHAN her employer determined she was ineligible for travel into Canada which restricts entry to persons accused of crimes.

42.     Plaintiff alleges at the time, her employment as a 22-year veteran international flight attendant was in jeopardy due to the 'false arrest.'

43.     Plaintiff alleges on or about May 23, 2017, all criminal charges were DISMISSED and records sealed under Section 160.50 (c) of the Criminal Procedure Law.

44.     Plaintiff alleges to this day, due to the criminal acts of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE and their agents, she continues to suffer from loss of compensation and acute emotional distress.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### FALSE ARREST
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

45.     Plaintiff re-alleges Paragraphs 1 through 44 and incorporates them by reference as Paragraphs 1 through 44 of Count I of this Complaint.

46.     Plaintiff alleges defendants' CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE intended to confine her.

47.     Plaintiff alleges she was conscious of the confinement.

48.     Plaintiff alleges she did not contest the confinement.

49.     Plaintiff alleges the confinement was not otherwise privileged.

50.     Plaintiff alleges defendants' CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE did not have probable cause to arrest her.

### COUNT II
### MALICIOUS PROSECUTION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

51.     Plaintiff re-alleges Paragraphs 1 through 50 and incorporates them by reference as Paragraphs 1 through 50 of Count II of this Complaint.

52.     Plaintiff alleges defendants' JAMES P. O'NEILL; CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE under color of law, personally interfered with and deprived her of her constitutional rights.

53.     Plaintiff alleges defendants' JAMES P. O'NEILL; CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE initiated and continued a criminal proceeding against her.

54.     Plaintiff alleges the criminal charges were dismissed.

55.     Plaintiff alleges defendants' JAMES P. O'NEILL; CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE arrested her or caused her arrest although they had no 'probable cause.'

56.     Plaintiff alleges defendants' JAMES P. O'NEILL; CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER;

8

ROBERT BOCCHINO and RICHARD DINKLE continued the prosecution with malice for their own pecuniary gain.

**COUNT III**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

57.     Plaintiff re-alleges Paragraphs 1 through 56 and incorporates them by reference as Paragraphs 1 through 56 of Count III of this Complaint.

58.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her injuries.

59.     Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting false arrests and malicious prosecutions under color of law.

60.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of her constitutional and statutory rights.

61.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's actions caused her injuries.

62.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her to sustain damages.

**COUNT IV**
**FAILURE TO TRAIN**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

63.     Plaintiff re-alleges Paragraphs 1 through 62 and incorporates them by reference as Paragraphs 1 through 62 of Count IV of this Complaint.

64.     Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral

9

certainty that its employees will confront a given situation.

65.     Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that training will make less difficult or that there is a history of employees mishandling the situation.

66.     Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

67.     Plaintiff alleges that because of defendant THE CITY OF NEW YORK'S failure to train its employees she sustained constitutional and statutory injuries.

**COUNT V**
**FAILURE TO SUPERVISE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

68.     Plaintiff re-alleges Paragraphs 1 through 67 and incorporates them by reference as Paragraphs 1 through 67 of Count V of this Complaint.

69.     Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

70.     Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that supervision will make less difficult or that there is a history of employees mishandling the situation.

71.     Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

72.     Plaintiff alleges that because of defendant THE CITY OF NEW YORK'S failure to supervise its employees she sustained constitutional and statutory injuries.

## COUNT VI
## FAILURE TO DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

73.     Plaintiff re-alleges Paragraphs 1 through 72 and incorporates them by reference as Paragraphs 1 through 72 of Count VI of this Complaint.

74.     Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

75.     Plaintiff alleges that the situation presents the employee with a difficult choice of the sort either that discipline will make less difficult or that there is a history of employees mishandling the situation.

76.     Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

77.     Plaintiff alleges that because of defendant THE CITY OF NEW YORK'S failure to discipline its employees she sustained constitutional and statutory injuries.

### JURY TRIAL

78.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

### PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; CHRISTOPHER T. MONAHAN; ROY T. RICHTER; EBONY S. WASHINGTON; MELISSA A. EGER; ROBERT BOCCHINO and RICHARD DINKLE jointly and severally, in an amount to be determined at trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated:  September 22, 2018
New York, N.Y.

Respectfully submitted,

By:

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com